**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JAMES ARTHUR STEVENS, #1062711,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:04-CV-1727-N |
| | ) | |
| **DOUGLAS DRETKE, Director, Texas** | ) | |
| **Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined at the Estelle Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Huntsville, Texas. Respondent is the Director of TDCJ-CID. The court issued process in this case.

Statement of Case: Pursuant to a plea agreement, Petitioner pled nolo contendere to aggravated robbery with a deadly weapon, and pled true to the enhancement paragraphs in the 4th Criminal District Court of Dallas County, Texas, in cause number F91-01719-JK. On October 24, 1991, the trial court accepted the plea, deferred a finding of guilt, and placed

Petitioner on ten years deferred-adjudication probation.  Petitioner did not appeal.  The court modified on several occasions the terms of his deferred adjudication probation, which prompted the State to withdraw its motions to proceed with adjudication of guilt.  Ultimately on September 20, 2001, Petitioner pled true to the violations of his probation alleged in the state's motion to proceed with an adjudication of guilt.[1]  The court then adjudicated Petitioner guilty of aggravated robbery with a deadly weapon and sentenced him to ninety-nine years imprisonment.  Petitioner appealed.  On January 14, 2003, the Fifth District Court of Appeals affirmed the judgment of conviction and sentence.  Stevens v. State, No. 05-02-00243-CR (Tex. App. -- Dallas, 2003, no pet.).  Although Petitioner was granted until February 28, 2003, to file a motion fo rehearing, he did not do so.

Thereafter, on December 30, 2003, Petitioner filed a state habeas application pursuant to art. 11.07, Texas Code of Criminal Procedure.  Ex parte Stevens, No. 58,451-01, at 2.  The Texas Court of Criminal Appeals (TCCA) denied the application without written order on the findings of the trial court on July 7, 2004.

In his federal petition, filed on August 9, 2004, Petitioner challenges both his original plea (grounds 1-4) as well as the revocation of his deferred adjudication probation(grounds 5 and 6).  (Memorandum in Support of Pet.).[2]

In response to the court's order to show cause, Respondent filed an answer, along with

---

[1] Contemporaneously with his plea of true, Petitioner also pled guilty to a new charge, possession of cocaine.  (Respondent's Answer at 3).

[2] For purposes of this recommendation, the petition is deemed filed on August 4, 2004, the date Petitioner signed the same and placed it in the prison mail.  See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

the state court record, alleging that Petitioner's claims challenging the original plea proceedings are time barred, and that Petitioner's claims challenging the revocation of his deferred adjudication probation are meritless. Petitioner filed his response in opposition to Respondent's answer. Petitioner also filed a supplemental response and a motion for summary judgment.

Findings and Conclusions: The Court addresses first the statute of limitations issue with respect to Petitioner's claims pertaining to his guilty plea, and second the merits of Petitioner's claims challenging the revocation of his deferred adjudication probation.

1. Timeliness of Claims Related to Original Guilty Plea

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. See id. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims pertaining to his guilty plea became known or could have become known

3

at the time of Petitioner's original plea and placement on deferred adjudication probation in 1991. Thus, the court will calculate the one-year statute of limitations from the date Petitioner's deferred adjudication became final. 28 U.S.C. § 2244(d)(1)(A).

In Caldwell v. Dretke, ___ F.3d ___, 2005 WL 2766688, *3-6 (5th Cir. Oct. 26, 2005), the Fifth Circuit recently held that an order of deferred adjudication probation following a guilty plea is a final judgment for purposes of § 2244(d)(1)(A) upon the expiration of the time for seeking direct review. The Circuit noted that "[u]nder Texas law, a defendant must file a notice of appeal 'within 30 days after the day sentence is imposed or suspended in open court.'" Id. (quoting Tex. R. App. P. 26.2(a)(1) (effective Sept. 1, 1997).

Applying the above holding to this case, Petitioner's deferred adjudication probation became final for purposes of § 2244(d)(1)(A) on November 23, 1991, thirty days after Petitioner pled guilty and the court placed him on deferred adjudication probation. Because the above date preceded the enactment of the AEDPA, Petitioner had a one-year grace period, from April 25, 1996, through April 24, 1997, within which to seek habeas corpus relief. See Flanagan v. Johnson, 154 F.3d 196, 199-200 n. 2 and 202 (5th Cir. 1998). Petitioner did not file this federal habeas petition until August 4, 2004, more than seven years after the running of the one-year grace period. Although 28 U.S.C. § 2244(d)(2) tolls the limitation period during the pendency of state habeas proceedings, see Sonnier v. Johnson, 161 F.3d 941 (5th Cir. 1998); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998), Petitioner's state habeas application was not filed until after the limitation period had expired. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application did not toll limitation period where it was filed after the limitation period had expired). Therefore, Petitioner's claims challenging the original plea proceedings are

time barred unless tolled on equitable grounds.

Petitioner argues that in 1991, it was not clearly established that he had a right to appeal following the entry of the order placing him on deferred adjudication probation. (Pet's Mot. to Suppl. at 1-2). The Court disagrees. On November 3, 1987, approximately three years before the entry of Petitioner's guilty plea, the law changed permitting a defendant who received deferred adjudication probation to appeal. Kite v. State, 788 S.W.2d 403, 404 n. 1 (Tex. App. -- Houston, 1990). On June 19, 1991, four months before Petitioner received deferred adjudication probation in this case, the Texas Court of Criminal Appeals held for the first time that "a defendant may appeal . . . even though he has received deferred adjudication probation and has not been adjudicated guilty." Dillehey v. State, 815 S.W.2d 623, 626 (Tex. Crim. App. 1991). In light of the above cases, the Court concludes that Petitioner is not entitled to equitable tolling. Accordingly, Petitioner's claims relating to his original guilty plea (grounds 1-4) should be dismissed as time barred.

   2.   <u>Claims related to the Revocation/Adjudication Proceedings</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), precludes habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In his fifth and sixth grounds, Petitioner alleges that he received ineffective assistance of counsel at the revocation proceedings and on appeal. When a convicted defendant seeks habeas

5

corpus relief on the ground of ineffective assistance of trial counsel, he must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668, 687-694 (1984).

Petitioner alleges that his counsel rendered ineffective assistance at the revocation hearing when he misadvised him concerning the court sending him to a drug rehabilitation treatment center, although he knew the trial court would not consider Petitioner for a treatment program.  (Petitioner's Memorandum in Support at 14).  The state habeas court denied this claim on the merits, relying on an affidavit submitted by Petitioner's counsel at the revocation hearing. It found as follows:

> counsel did not make any promises or guarantees of what the Court would do regarding punishment at the revocation hearing . . . counsel had admonished and advised [Petitioner] regarding the potential punishment that the Court could or might assess . . . [and Petitioner] freely and voluntarily chose to plead true to the allegations on the motion to proceed in an attempt to try to be continued on probation again.

Ex parte Stevens, No. 58,451-01, at 60.

Petitioner has not demonstrated that the above decision was contrary to clearly established federal law, or unreasonable in light of the evidence presented.  His allegations are conclusory at best and refuted by counsel's affidavit.  Petitioner decided to plead true to the allegations in the motion to proceed with an adjudication of guilt because that was the only way that the court could have continued his probation.  Petitioner chose this option knowing full well his precarious situation and the unlikely chance that the court would again continue his probation, in light of his lengthy criminal record and the prior opportunities that he had been given to continue his probation.  Counsel's conduct in advising Petitioner did not fall below an

6

objective standard of reasonable.  Therefore, Petitioner's fifth ground should be denied.

Next Petitioner alleges that counsel's failure to challenge the indictment in a motion for new trial, and that his decision to file an "*Anders*" Brief amounted to ineffective assistance of counsel on appeal.  (Memorandum at 16).  He reiterates that counsel should have requested the dismissal of the aggravated robbery charge because "Petitioner never displayed a deadly weapon."  (Id.).

The state habeas corpus denied relief on the merits, concluding "there is no showing to find that a motion for a new trial would have proved beneficial or made any difference in the outcome of the case."  Ex parte Stevens, No. 58,451-01, at 60.  The habeas court also concluded that "appellate counsel properly filed an '*Anders*' brief and presented a thorough showing of why there were no arguable grounds to advance, in which the Court of Appeals agreed."  Id.

Petitioner cannot demonstrate that the above decision was contrary to clearly established federal law, or was unreasonable in light of the evidence presented.  His underlying contention that he could not have been convicted of aggravated robbery because he did not hold the gun during the robbery is patently frivolous in light of his stipulation at the original plea that he was a party to the offense of aggravated robbery.  Tr. at 10, 12, and SF at 11-12, Ex parte Stevens, 58,451-01 at 61.  Therefore, Petitioner cannot demonstrate that his counsel was deficient or that he was prejudiced.  His sixth ground for habeas relief should, therefore, be denied.

RECOMMENDATION:

For the foregoing reasons it is recommended that grounds 1-4 be dismissed as barred by the one-year statute of limitations, see 28 U.S.C. § 2244(d), and that grounds 5 and 6 be denied on the merits with prejudice, see 28 U.S.C. § 2254(d).

It is further recommended that Petitioner's motion for summary judgment (docket #23) be denied.

The Clerk will transmit a copy of this recommendation to Petitioner and counsel for Respondent.

Signed November 22, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.